E. Alex Beroukhim (Bar No. 220722)
Alex.Beroukhim@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorney for Defendant Cynosure, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ARAM KECHICHIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CYNOSURE, INC., a Delaware Corporation; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No.: 2:21-cv-6673<br><br>**CYNOSURE, LLC'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Cynosure, LLC, f/k/a Cynosure, Inc. ("Cynosure") hereby gives notice of removal of this action, entitled *Kechichian v. Cynosure, Inc. et al.*, bearing Case No. 21STCV22511, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. Pursuant to 28 U.S.C. § 1446(a), Cynosure provides the following statement of grounds for removal.

## BACKGROUND

1. This case involves the purchase of a medical device—the SculpSure Non-Invasive Body Contouring Platform ("SculpSure") (the "device")—by Dr. Aram Kechichian ("Plaintiff"). The SculpSure is a medical device marketed and sold by Cynosure that uses laser technology for non-invasive body contouring. The device has received pre-market clearance from the U.S. Food and Drug Administration pursuant to Section 510(k) of the Federal Food, Drug, and Cosmetic Act.

2. On June 16, 2021, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, alleging three causes of action—breach of contract, breach of the covenant of good faith and fair dealing, and a violation of California Business and Professions Code Section 17200—against Cynosure and Does 1–25 (the "State Court Action"). *See* Compl. Counts I–III (¶¶ 9–28). The main thrust of Plaintiff's Complaint is that Cynosure failed to deliver a SculpSure that functions as advertised. *See, e.g., id.* at ¶ 13.

3. Plaintiff seeks general damages, consequential damages, and special damages, attorneys' fees, and costs. *See* Compl. Prayer for Relief.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and Summons that were served on Cynosure are attached hereto as **Exhibit A**.

5. The civil case cover sheet is attached hereto as **Exhibit B**.

6. A copy of the state court docket is attached hereto as **Exhibit C**.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed on the state court docket are attached hereto as **Exhibit D**.

**VENUE AND JURISDICTION**

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391, and 1441(a), and 1446(a) because the Superior Court of California, County of Los Angeles, where the Complaint was filed, is a court within the United States District Court for the Central District of California.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between the parties; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal are satisfied.

**A.  There Is Complete Diversity of Citizenship Between Plaintiff and Defendant.**

10. Plaintiff Aram Kechichian is an individual who resides in the State of California. Compl. ¶ 1. Based on the allegations in the Complaint, and on information and belief, Plaintiff is both a citizen and domiciliary of California.[1]

11. Defendant Cynosure is a limited liability company whose sole member is Lotus Buyer, Inc., a corporation that is incorporated and has its principal offices in Delaware. For purposes of determining diversity jurisdiction, a limited liability company is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Corporations are citizens of the states in which they are incorporated and where they have their principal place of business. 28 U.S.C. § 1332; *see also Johnson*, 437 F.3d at 899. Cynosure is accordingly a citizen of Delaware.

12. The citizenship of parties sued under fictitious names (Does 1–25) is disregarded for purposes of removing on the basis of diversity jurisdiction. *See* 28

---

[1] The Complaint not only affirms Plaintiff's residence as the State of California but also states that Plaintiff is a California-licensed physician with a medical office located in Santa Clarita, California. Compl. ¶ 1.

U.S.C. § 1441(a); *Wood v. Davis*, 59 U.S. 467, 469 (1855) ("It has been repeatedly decided by this court, that . . . nominal parties . . . cannot oust the federal courts of jurisdiction . . . ."); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002) ("Nor may the presence of a sham or nominal party defeat removal on diversity grounds.") (citations omitted); *Roth v. Davis*, 231 F.2d 681, 683 (9th Cir. 1956) ("In determining the question whether diversity of citizenship requisite to jurisdiction exists . . . the presence of a nominal party with no real interest in the controversy will be disregarded.") (citations omitted).

13. Because Plaintiff is a citizen of California and Defendant Cynosure is a citizen of Delaware, complete diversity of citizenship exists. *See* 28 U.S.C. §§ 1332, 1441.

### B. The Amount-in-Controversy Requirement Is Satisfied

14. Diversity jurisdiction under 28 U.S.C. § 1332 requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

15. Here, Plaintiff seeks to recover "general, special, actual, and compensatory damages in an amount [that] Plaintiff believes . . . exceeds $131,400.00." Prayer for Relief; *see also* Compl. ¶ 15 ("As a direct and proximate result of the [alleged breaches of contract], Plaintiff has suffered substantial monetary damages in an amount of at least $131,400.00").

16. Accordingly, Plaintiff alleges on the face of his complaint an amount-in-controversy that exceeds $75,000, exclusive of interest and costs.

### C. The Procedural Requirements for Removal Are Satisfied.

17. On July 19, 2021, Plaintiff served upon Cynosure the Summons and Complaint. This Notice of Removal is accordingly timely filed pursuant to 28 U.S.C. § 1446(b), as it has been filed within 30 days after the receipt by Cynosure of a copy of the initial pleading setting forth the claim for relief filed in the State Court Action.

18. Cynosure is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

19. Jurisdiction pursuant to 28 U.S.C. § 1332 ordinarily requires consent of all defendants. However, the unidentified defendants Does 1–25 are not required to consent to removal. *See Hafiz v. Greenpoint Mortg. Funding*, 409 Fed. Appx. 70, 72 (9th Cir. 2010) (nominal parties are not required to consent to removal).

20. Pursuant to 28 U.S.C. § 1446(d), Cynosure is contemporaneously filing a copy of this Notice of Removal and a Notice of Filing a Notice of Removal with the Clerk of the Superior Court of California, County of Los Angeles.

21. Cynosure reserves the right to amend or supplement this Notice of Removal.

22. Cynosure's response to the Complaint in the State Court Action is due on or before August 18, 2021. Because this Notice of Removal has been filed on the date on which Cynosure's response is due to be filed in the State Court Action, Cynosure has not yet filed its answer or otherwise responded to the Complaint filed in the State Court Action.

WHEREFORE, Cynosure hereby gives notice that the above-entitled state court action, formerly pending in the Superior Court of the State of California, County of Los Angeles, be removed to the United States District Court for the Central District of California.

Dated: August 18, 2021                    ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ E. Alex Beroukhim*
E. Alex Beroukhim
Attorney for Defendant Cynosure, LLC

**CERTIFICATE OF CERTIFICATE**

I am over eighteen years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Forty-Fourth Floor, Los Angeles, California 90017-5844.

I hereby certify that on **August 18, 2021** I electronically filed the documents entitled **CYNOSURE, LLC'S NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system and said document was served in the manner stated below:

☑  **By Mail (CCP § 1013.a, et seq.):** I enclosed said document(s) in a seal envelope or package to each addressee listed below. I placed said envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. postal service with postage fully prepaid.

>   Armen F. Papazian (Bar No. 209989)
>   Papazian Law, APC
>   15260 Ventura Blvd., Suite 960
>   Sherman Oaks, CA 91403
>   (818) 697-8272
>   armen@papazianlawfirm.com

☐  **By Court Via Notice of Electronic Filing (NEF):** The document(s) was served by the court via NEF and hyperlink to the document. On **August 18, 2021**, I checked the CM/ECF docket for this case or adversary proceeding and determined that the person(s) listed below is/are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

☐  **By Electronic Service (E-mail)  (CRC § 2.251(c)(3))**:

☐ I caused the document(s) to be sent from e-mail address vicky.apodaca@arnoldporter.com to each addressee's email address as set forth above or on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ I caused the document(s) to be served upon the above-interested party(ies) using a court approved electronic filing service provider to the electronic service address.

☐ **By Overnight Delivery (CCP §§ 1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to the following address(es). I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at our office for pick up by the carrier on the same day.

☐ **By Personal Service**: I enclosed said document(s) in a sealed envelope or package to the following address(es). I provided them to a professional messenger service for service to be delivered by hand to the offices of the addressee(s).

☐ **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **Federal**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: August 18, 2021          Signature: *Vicky Apodaca*
                                              Vicky Apodaca

CYNOSURE, LLC'S NOTICE OF REMOVAL