# EXHIBIT A



# Service of Process Transmittal
07/19/2021
CT Log Number 539932756

| | |
|---|---|
| **TO:** | Jocelyn Beiswenger<br>Cynosure, LLC<br>5 CARLISLE RD<br>WESTFORD, MA 01886-3601 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | Cynosure, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DR. ARAM KECHICHIAN, Pltf. vs. CYNOSURE, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV22511 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/19/2021 at 16:03 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Armen F. Papazian<br>PAPAZIAN LAW, APC<br>15260 Ventura Blvd., Suite 960<br>Sherman Oaks, CA 91403<br>818-697-8272 |
| **REMARKS:** | Cynosure Inc. converted into Cynosure, LLC |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780126452127<br><br>Image SOP<br><br>Email Notification,  Jocelyn Beiswenger  jocelyn.beiswenger@cynosure.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

| Date: | Mon, Jul 19, 2021 |
| Server Name: | Rodney Samuels |

| Entity Served | CYNOSURE, INC. |
|---|---|
| Case Number | 21STCV22511 |
| Jurisdiction | DE |



# SERVICE




73279136

*MAIL TO*

**Rodney Samuels**
810 E Basin Rd #H4
New Castle, DE 19720

*SERVICE TO*

**CYNOSURE INC. A DELAWARE CORPORATION c/o THE CORPORATION TRUST COMPANY, REGISTERED AGENT**
1209 North Orange Street
Wilmington, DE 19801

 **DOCUMENTS**

SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

CUSTOMER **Papazian Law, APC**
REF **L1642**
COURT **CA Superior of Los Angeles Co at Central District Stanley...**
CASE# **21STCV22511**
TITLE **DR. ARAM KECHICHIAN vs. CYNOSURE INC. A DELAWARE CORPORATION, ET AL.**

**Need help?**
206-521-2967
abclegal.com



07/16/2021
EXHIBIT A - PAGE 11

Electronically FILED by Superior Court of California, County of Los Angeles on 06/16/2021 03:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:21-cv-06673-CJC-JDE    Document 1-1    Filed 08/18/21    Page 5 of 19    Page ID #:12

21STCV22511

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CYNOSURE, INC., a Delaware Corporation; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DR. ARAM KECHICHIAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court
111 N. Hill St., Los Angeles 90012

CASE NUMBER: *(Número del Caso):*
**21STCV22511**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Armen F. Papazian; 15260 Ventura Blvd., Suite 960, Sherman Oaks, CA 91403; Tel: 818 697-8272

DATE: 06/16/2021  Sherri R. Carter Executive Officer / Clerk of Court Clerk, by N. Alvarez, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**EXHIBIT A - PAGE 12**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/16/2021 03:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Armen F. Papazian, Esq., State Bar No. 209989<br>PAPAZIAN LAW, APC<br>15260 Ventura Blvd., Suite 960; Sherman Oaks, CA 91403<br>TELEPHONE NO.: 818 697-8272    FAX NO. (Optional): 818 697-8278<br>ATTORNEY FOR (Name): Plaintiff Dr. Aram Kechichian | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
DR. ARAM KECHICHIAN v. CYNOSURE, INC., et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>21STCV22511<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 16, 2021

Armen F. Papazian
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**EXHIBIT A - PAGE 13**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: DR. ARAM KECHICHIAN v. CYNOSURE, INC., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

EXHIBIT A - PAGE 15

| SHORT TITLE: DR. ARAM KECHICHIAN v. CYNOSURE, INC., et al. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☑ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>(2) 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

**EXHIBIT A - PAGE 16**

SHORT TITLE: DR. ARAM KECHICHIAN v. CYNOSURE, INC., et al.

CASE NUMBER

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages<br>☐ A6123 Workplace Harassment With Damages<br>☐ A6124 Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 3 of 4

EXHIBIT A - PAGE 17

| SHORT TITLE: DR. ARAM KECHICHIAN v. CYNOSURE, INC., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br> ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: <br> 27141 Hidaway Ave. |
|---|---|---|---|
| CITY: <br> Santa Clarita | STATE: <br> CA | ZIP CODE: <br> 91351 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 16, 2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**EXHIBIT A - PAGE 18**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/16/2021 03:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
Case 2:21-cv-06673-CJC-JDE    Document 1-1    Filed 08/18/21    Page 12 of 19    Page ID #:19
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Theresa Traber

Armen F. Papazian, Esq., State Bar No. 209989
PAPAZIAN LAW, APC
15260 Ventura Blvd., Suite 960
Sherman Oaks, CA 91403
Tel: 818 697-8272
Fax: 818 697-8278
Email: armen@papazianlawfirm.com

Attorney for Plaintiff Dr. Aram Kechichian

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

21STCV22511

| | |
|---|---|
| DR. ARAM KECHICHIAN,<br><br>  Plaintiff,<br><br>  v.<br><br>CYNOSURE, INC., a Delaware Corporation; and DOES 1 through 25, inclusive,<br><br>  Defendants. | **COMPLAINT FOR DAMAGES**<br><br>1.   Breach of Contract;<br>2.   Breach of the Covenant of Good Faith and Fair Dealing; and<br>3.   Violation of Business and Professions Code Section 17200, et. seq.<br><br>**Amount demanded: $131,400.00**<br><br>[UNLIMITED CIVIL CASE]<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Dr. Aram Kechichian, alleges as follows:

**GENERAL ALLEGATIONS**

1.  At all times mentioned in this Complaint, Dr. Aram Kechichian (hereinafter referred to as "Plaintiff" or "Dr. Kechichian") was, and is, an individual residing in Los Angeles County, California. Dr. Kechichian is, and at all relevant times was, a medical doctor licensed by the State of California to practice medicine. Currently, and at all relevant times, Dr. Kechichian owns and operates a medical practice in Santa Clarita, California.

2.  Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned in this Complaint Defendant CYNOSURE, INC. (hereinafter referred to as "Defendant"

-1-

or "Cynosure"), is, and all relevant times was, a Delaware corporation authorized to do business in the State of California. Cynosure represents itself to the public as a global leader and manufacturer of laser and light-based aesthetic and medical treatment systems. Cynosure markets its laser devices as an option for non-invasive treatment, with faster healing times compared to traditional liposuction procedures. At all relevant times herein, Cynosure conducted business in the State of California and County of Los Angeles.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

4. Plaintiff is informed and believes and on that basis alleges that, at all relevant times, each of the Defendants, whether named or fictitious, was the agent, employee or alter ego of each of the other Defendants, and in doing the things alleged to have been done in the Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to California Code of Civil Procedure Section 410.10, as Cynosure conducts business in California, maintains employees in California, and makes and sells its products to California residents, including, but not limited to the products at issue in this Complaint. Thus, Cynosure has established minimum contacts as required to subject it to jurisdiction in California.

6. The transactions, acts, and omissions including the sale of the Sculpsure Non-Invasive Body Contouring Platform to Plaintiff occurred in Santa Clarita, California, within the jurisdiction and venue of this Los Angeles County Superior Court.

-3-

## FACTUAL ALLEGATIONS

7. On December 21, 2018, Dr. Kechichian purchased the product advertised as able to contour the human body without surgery, named Sculpsure, from defendant Cynosure (the "Product" or "Sculpsure"). The Product was purchased by Plaintiff for One Hundred and Twenty Thousand Dollars ($120,000), plus tax, for a total of One Hundred and Thirty-One Thousand Four Hundred Dollars ($131,400). At the time of the sale, the Cynosure employee salesman stated to Plaintiff that if he purchased the Sculpsure, it would be exclusive to his offices within a thirty-mile radius. This proved to be untrue, as they also sold to other offices not affiliated with Plaintiff in the supposed thirty-mile radius. Said Product was delivered to Plaintiff on December 31, 2018. Following delivery of the Product, the Product sat idle for a time while Plaintiff upgraded his office to accommodate the 220-volt power needed by the Sculpsure, which Cynosure failed to disclose at the time of the sale.

8. It was not disclosed to Dr. Kechichian that in order to operate the Sculpsure, he would have to purchase "PAC Keys" from Cynosure in perpetuity. Upon upgrading his office to accommodate the new Scupsure, Dr. Kechichian's office began to use the Product on clients in approximately June of 2019. Within the first two sessions, Dr. Kechichian's clients complained that the Sculpsure provided no benefit whatsoever. Upon receiving this feedback from his clients, Dr. Kechichian contacted Defendant to inquire as to whether the Product was working properly, or whether it needed repair or maintenance. Cynosure assured Dr. Kechichian that it would repair or otherwise make sure that the Sculpsure was working properly. This back and forth went on until August of 2020, when it became apparent that the Product was never going to work as it was advertised to Dr. Kechichian, nor would Cynosure refund the monies paid by Dr. Kechichian for the defective Product.

///
///
///
///
///

## FIRST CAUSE OF ACTION

(Breach of Contract)

(Against Defendants CYNOSURE and Does 1 through 25)

9. Plaintiff re-alleges and incorporates paragraphs 1 through 8, inclusive, of this Complaint, as though fully set forth herein.

10. On or about December 21, 2018, Plaintiff entered into the written contract with Defendant, as previously identified above, for the purchase of the Sculpsure product (the "Contract"), which consisted of one page. The Contract is attached hereto as Exhibit A. Said Contract called for the delivery of a Sculpsure Non-Invasive Body Contouring Platform and Sculpsure Submental Package for the price of One Hundred and Twenty Thousand Dollars ($120,000), plus applicable taxes, for a total of One Hundred and Thirty-One Thousand Four Hundred Dollars ($131,400).

11. Following delivery of the Sculpsure and use at Dr. Kechichian's practice, it became clear the Product was not only completely ineffective, but also extremely painful for users. Dr. Kechichian discovered that his experience is not uncommon. After owning the Product for many months, he began inquiring with other medical professionals as to their experience with the Product, and discovered that they were having the same experience.

12. Due to the Sculpsure being unusable, Dr. Kechichian requested that Cynosure take back the Product and refund his payment. They refused to do so. Instead, they continually promised to replace the non-functional product with a newer product. These promises delayed Plaintiff from taking action against Cynosure earlier. In the end, they also refused to provide him with a product which actually did what Cynosure advertised that Sculpsure was to do.

13. Cynosure breached the Contract, when they failed to provide a non-invasive body contouring platform, as called for in the Contract. The Sculpsure that was delivered failed to have the results described by the Cynosure salesperson, or in its advertising materials. Further, Cynosure breached the contract when it failed to provide the warranty services that were promised to Plaintiff, which included making sure that the Product performed as advertised.

-4-
COMPLAINT FOR DAMAGES

14. Dr. Kechichian performed all the conditions precedent, if any, that Defendant bargained for and are due under the Contract, and further, Plaintiff has performed all conditions, covenants and promises required to be performed on its part under the written Contract.

15. As a direct and proximate result of the foregoing, Plaintiff has suffered substantial monetary damages in an amount of at least $131,400.00.

## SECOND CAUSE OF ACTION

(Breach of the Covenant of Good Faith and Fair Dealing)

(Against Defendants CYNOSURE and Does 1 through 25)

16. The allegations set forth in Paragraphs 1 through 15 are realleged and incorporated herein by reference.

17. The Contract contains an implied covenant of good faith and fair dealing that the Defendant would act in good faith and deal fairly with Plaintiff and that it would do nothing to interfere with Plaintiff's rights to receive benefits under the Contract. Said covenant of good faith and fair dealing requires the Defendant to fairly, honestly, and reasonably perform the terms and conditions of the Contract, and to deal reasonably and fairly with the Plaintiff.

18. The Defendant's conduct as it relates to its failure to provide a non-invasive body contouring platform, as called for in the Contract, and promises of exclusivity for a thirty-mile radius, constitutes a breach of the implied covenant of good faith and fair dealing owed to Plaintiff as herein alleged above.

19. As a direct, foreseeable, and legal result of the Defendant's breach of the covenant of good faith and fair dealing, Plaintiff suffered substantial damages, including consequential and incidental damages, all to the Plaintiff's damage in an amount of at least $131,400.00.

20. As a further direct, proximate and legal result of the conduct of the Defendant, as set forth herein, Plaintiff has been caused to expend substantial sums of money for attorney's fees, costs, and other litigation costs which are recoverable pursuant to the laws of the State of California.

## THIRD CAUSE OF ACTION

(Violation of Business and Professions Code Section 17200, et. seq.)

(Against Defendants CYNOSURE and Does 1 through 25)

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20, inclusive, of this Complaint, as though fully set forth herein.

22. California Business and Professions Code Section 17200 prohibits any "unfair, deceptive, untrue or misleading advertising" and also prohibits any "unlawful business act or practice." Cynosure's actions and failures to act, as alleged herein, constitute unfair, unlawful, deceptive and/or fraudulent business practices. Moreover, Defendants' advertising regarding the Sculpsure, including its features and results, was false, deceptive, and/or misleading. Defendants misled Dr. Kechichian into believing that the Sculpsure provides "non-invasive body contouring that permanently reduces stubborn fat without surgery or downtime." These are false assertions, as Sculpsure does none of these items.

23. Defendants continue to market and sell the Sculpsure, with full knowledge that they are making claims about the effectiveness of the Product without any basis for doing so. Thus, Defendants' unfair business practices are ongoing. Further, Cynosure employee salesman stated to Plaintiff that if he purchased the Sculpsure, it would be exclusive to his offices within a thirty-mile radius. This proved to be untrue, as they also sold to other offices not affiliated with Plaintiff in the supposed thirty-mile radius.

24. Defendants' misrepresentations and omissions regarding Sculpsure, as alleged herein, injures consumers, offends public policy, and are unethical, oppressive, and unscrupulous, as the gravity of Defendants' conduct outweighs any potential benefits of the Product.

25. Defendants' conduct has caused, and continues to cause, substantial damages to Plaintiff and other consumers. Defendants made the alleged misrepresentations and omissions intending to cause Plaintiff and/or the public to pay money to Defendants to purchase the Sculpsure. Plaintiff and the public were likely to be deceived, an in fact were deceived, by Defendants' misrepresentations and omissions.

26. As a result of Defendants' violation of Business and Professions Code section 17200, et seq., Plaintiff sustained economic and non-economic damages. Plaintiff is therefore entitled to damages, judgment, and equitable relief, including but not limited to an injunction against Defendants, and restitution to Plaintiff, as set forth in the Prayer for Relief.

27. Further, pursuant to Business and Professions Code § 17203, Plaintiff seeks an order requiring Defendants to cease all acts of unlawful, unfair, and fraudulent business practices immediately.

28. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff is entitled to an award of attorney's fees which allows for a party to be awarded attorney's fees when enforcing a right affecting the public interest. In the case at hand, Plaintiff has brought a suit against Maxim for, among many other things, unfair business practices in violation of California Business and Professions Code § 17200, as they have unlawfully curtailed competition in violation of Business and Professions Code § 16600. [See California Code of Civil Procedure § 1021.5.]

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant CYNOSURE, INC., and DOES 1 through 25, as follows:

a. For an award of Plaintiff's general, special, actual, and compensatory damages in an amount that is not yet ascertained, but Plaintiff believes the amount of those damages exceeds $131,400.00 and will seek to amend this complaint when the amount of said damages becomes ascertained, or upon proof thereof;

b. That this Court grant an injunction pursuant to the power granted it under California Business and Professions Code Section 17200, enjoining and restraining Defendants and their agents, servants, and employees from the further false advertising with regard to the Sculpsure product;

1  c.  For reasonable attorneys' fees pursuant to California law, including, but not limited to, Code of Civil Procedure section 1021.5;

d.  For prejudgment interest on all amounts claimed at the maximum legal rate;

e.  For costs of suit herein incurred; and

f.  For any other and further relief that the court considers proper.

DATED: June 16, 2021            PAPAZIAN LAW, APC

_____
Armen F. Papazian, Esq.
Attorney for Plaintiff

-8-
COMPLAINT FOR DAMAGES